JACOB CORNELIUS, APPELLANT, v. CITY WATER COMPANY, APPELLEE.

FILED APRIL 13, 1909. No. 15,521.

1. **Master and Servant: INJURY: SUDDEN DANGER.** An accident caused by the caving in of the wall of a deep trench cannot be said to be the result of a sudden danger when the defects in the wall were recognized by all persons acquainted therewith, including the plaintiff, as a continuing threatening danger.

2. **Trial: INSTRUCTIONS.** It is error to instruct that the burden is upon plaintiff to prove "all the material allegations of his petition"; but such error is cured by further instructions in which the jury are properly told to find for the plaintiff if they believe from the evidence that the necessary facts pointed out by the instruction have been established.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*W. D. Oldham* and *H. M. Sinclair,* for appellant.

*Charles A. Robinson* and *Francis A. Brogan, contra.*

EPPERSON, C.

Plaintiff, an employee of defendant, was assisting a fellow workman in calking water main pipes in the bottom of a trench about five feet deep. The trench was dug in sandy and unsolid ground. One side caved in upon

the plaintiff, whereby he received personal injuries for which he seeks to recover. Plaintiff alleged that it was defendant's duty to curb or shore up the sides of the trench so as to prevent its falling in, and thereby protect its workmen, which duty was neglected. Defendant admitted that the trench caved in and caught the plaintiff, but declared that, if plaintiff was injured, it was through his own fault or negligence. Defendant prevailed in the court below, and plaintiff has appealed.

Without reviewing the evidence in detail, we will state that it is clearly shown by undisputed evidence that the trench was a place of danger, and was recognized as such by both parties, and that plaintiff was injured. The evidence of either contributory negligence or the assumption of the risk was not so strong that a verdict for plaintiff would have been overthrown, but it is sufficient also to sustain the defendant's verdict.

Plaintiff objected to the following instruction: "You are instructed that, if you believe from the evidence that it was an obvious and apparent condition to a man of the age, experience and mental capacity of the plaintiff that the ditch in which plaintiff was working at the time of the injury was liable to cave in, and that plaintiff, knowing such fact, and after being aware of the condition, if you believe such condition did exist, continued to work in such ditch and was injured, then he cannot recover in this action." This seems to be a fair and adequate statement of the doctrine of assumed risk as the same is applicable to this case. But, as we understand counsel's objection, it is that the instruction should have included the rule exempting a servant from the imputation of assuming the risk, if he is told by the master that the work may proceed with safety, unless the danger is so obvious and manifest that a person of ordinary prudence and caution would not have incurred it. Plaintiff's testimony in part was that a few moments before that accident the workmen were called from the trench because they thought it was about to cave in. Then that defendant's

foreman said: "It is safe and all right. It has been cracked for half an hour—to go back in, it would stand all right." Whereupon the workmen returned, and within, a few minutes the accident occurred. Possibly such statements by the foreman may have amounted to an assurance that the place was safe, but it is doubtful that, under the circumstances of this case, the rule may be applied, for it is apparent that the plaintiff well knew the dangerous character of the place. From his own testimony it appears that it was a part of his duty to watch the bank and to warn his fellow workmen of danger whenever the bank would begin to cave in. He had previously had experience in digging trenches through the same kind of soil. A few weeks before the accident the dirt had caved in upon him at another point, and within a few feet from the place of the accident the dirt had previously caved in, and plaintiff had put in a brace intended to prevent future trouble.

But there are other reasons why the rule contended for should not be applied to this case. After the foreman told plaintiff to return to the trench, and before the accident, the foreman and others standing on the surface of the ground saw the impending danger and warned the workmen in the trench. One witness testified that plaintiff had plenty of time to get out if he had gone when Davis, the foreman, first told them; that Davis told them two or three times, "pretty strong the last time before they started." Another witness testified: "I saw the crack and told Davis, and he hollered for the men to get out," and "Davis hollered two or three times. They did not move the first time." Another witness testified substantially the same. He said that Davis got angry and told them to get out. After Davis told them the second time, the dirt caved in. These were plaintiff's witnesses. Substantially all the testimony on this point is the same, indicating that plaintiff had ample time after he was warned to remove from the place of danger. It is thus made apparent that, although the foreman at one time may have

assured the plaintiff that there was no danger, yet, when it was approaching, he gave ample warning, and such as would have obviated the injury had it been heeded by the plaintiff.

Plaintiff also assigns as error instruction No. 15, given by the court, which required the jury to find for defendant if sufficient time elapsed for a reasonable man of the capacity of plaintiff to have gone out of the ditch with safety after warning had been given of the approaching danger, and plaintiff unreasonably failed or neglected to act upon such advice. It is criticised because it omitted the question of sudden and imminent danger, in the presence of which one is not expected to act as wisely as he does when he has the opportunity to deliberate. It can hardly be said that the accident was the result of a sudden danger, when the wall of the trench was a recognized threatening danger which was expected might give way at any time, and well known to plaintiff, as indicated by the evidence above referred to. The instruction meets our approval.

Plaintiff also complains of instruction No. 4, which was erroneous, in that it told the jury that the burden was upon plaintiff to prove "all the material allegations of his petition." The court did not specifically point out the material allegations of the petition. But, in view of the other instructions given, it does not appear that this error could have misled the jury, for we find that in a later instruction the court told the jury to find for plaintiff if they believed from the evidence that the defendant negligently and carelessly failed and neglected to provide plaintiff a reasonably safe place in which to work, and that, in consequence of such negligence, and without fault on his part, and in the exercise of ordinary care he was injured.

No reversible error is found, and we recommend that the judgment of the district court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.